MISSOURI, K. & T. RY. CO. OF TEXAS v. BRYANT. (No. 1479.)

(Court of Civil Appeals of Texas. Texarkana. May 21, 1915. Rehearing Denied May 27, 1915.)

CORPORATIONS ⬠308 — MANAGER OF RAILROAD — RIGHT TO SALARY — LEAVE OF ABSENCE.

The general manager of defendant railroad, authorized thereto, appointed an assistant general manager to hold the position at his discretion at a fixed salary per month, and, on the ground of his ill health from application to his duties, granted him a leave of absence from October 13, 1911, until January 8, 1912, on salary and subject to orders and directions, the defendant's by-laws then containing no provisions as to leave of absence or deduction of salary, and the assistant general manager, who during his absence had written daily letters with reference to the business of his office on his return on January 8th and on his request, was relieved of his position and appointed to another. *Held*, that the relation of employer and employé continued, and that the assistant general manager could recover his fixed salary for the period of his absence, and that payment thereof was not prohibited by Rev. St. 1911, art. 1164, providing that no corporation shall employ or use its means except in the legitimate objects of its creation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1334–1349; Dec. Dig. ⬠308.]

Appeal from District Court, Hunt County; A. P. Dononey, Judge.

Action by C. M. Bryant against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

Action by appellee against appellant company for a balance of salary as its assistant general manager. In a trial before the court without a jury judgment was given for the plaintiff. The findings of fact made by the trial court are adopted. The ultimate facts are that in 1910 the vice president and general manager of appellant appointed and employed the appellee to fill the position of assistant general manager, which was theretofore created for the efficient operation of the railway. Appellee was to hold the position at the discretion of the officer appointing him, and receive $500 per month. The vice president and general manager had authority to appoint and employ the assistant general manager, and to direct and control such assistant manager in the performance of the duties of the office. The salary for the office of assistant general manager was established under the provisions of the by-laws at $500 per month. On October 13, 1911, appellee applied to the vice president and general manager for a temporary leave of absence, on account of temporary illness due to excessive work in his position, which was granted by the vice president and general manager. The vice president and general manager in granting the temporary leave of absence stated to appellee that he had merited by his work a rest from the excessive labors, and that during his leave of absence his salary would continue payable to him and without deduction for absence. At the time of granting the leave of absence it was further understood and agreed between the vice president and general manager and the appellee that during his absence the appellee was to be subject to orders and directions. The by-laws of the company make no provision for the deduction of salary in case of absence, and make no provisions either granting or refusing leave of absence, nor was there any agreement in the employment of appellee for deduction of salary during the period of absence. Appellee's leave began October 13, 1911, and he went to Kentucky to recuperate, remaining several weeks, and while there wrote one to two letters daily with reference to the business of his office. After returning to his home in Dallas appellee performed some service of his office. On January 8, 1912, the leave expired, and appellee voluntarily asked to be relieved of his position, and was, on January 9, 1912, relieved of that position and appointed division superintendent, which place he filled. The record admits the leave of absence was on account of sickness, and that the act of appellee and that of the general manager were both in good faith. Appellant company declined to pay the appellee the salary of assistant general manager during his leave of absence, which was granted from October 13, 1911, to January 8, 1912, and the suit is to recover this amount. It appears that Mr. Walton was placed in active charge as acting assistant general manager during the period of appellee's leave of absence, but it does not appear from the findings whether or not he received the compensation of the office for

such service. As the portions of the by-laws of appellant offered in evidence and involved in the findings above were admitted to be correct, it is unnecessary to copy them here, and they may be referred to.

Dinsmore, McMahon & Dinsmore, of Greenville, for appellant. Bowman & Kemp and Yates, Sherrill & Starnes, all of Greenville, for appellee.

LEVY, J. (after stating the facts as above). The question presented by the assignments of error is that of whether the appellee is legally entitled to have paid him the salary of assistant general manager during the time he was on a temporary leave of absence, effective October 13, 1911, to January 8, 1912. And it is concluded that the ruling of the trial court awarding him the salary should be sustained, for it is believed that any legal ground to deny such recovery does not appear in the facts. The period of temporary absence was authorized and granted in good faith by the vice president and general manager of appellant, who had authority to employ the assistant general manager and to exercise control over the performance of the work. And the authorization of the leave of absence expressly provided that the salary should be drawn by appellee during the period of leave. And neither the by-laws of appellant nor the resolution of the board of directors fixing the salary of assistant general manager makes provision for deductions of salary in case of absence or failure to perform duties. The authority of the general manager to control the performance of the work of the assistant may be, it is thought, to the extent of prescribing the manner and period of work. The period of work, as to number of days in the week or weeks in the month, or months in the year, lay in the exercise of discretion on the part of the general manager and according to terms of employment. And having the authority of prescribing the manner and period of work by the assistant, the general manager may fairly contract and make agreement, as within the authority conferred upon him by the company, in respect to a temporary leave of absence. Therefore the general manager in granting the leave of absence did not act in violation of any by-law of the company nor contrary to his authority. The leave of absence being expressly authorized, the relation of employé and employer did not terminate either in point of fact or by operation of law, but continued, during the period of absence. And, appellee being an employé, the element of temporary absence from work, being expressly authorized, would not operate to deny the right to the salary as provided in the employment, because the contract or agreement of the general manager and appellee expressly provided that the salary should continue to be paid without deduction during the period of the leave granted. An authorized leave of absence without deduction of pay may, it is believed, be the proper subject-matter of valid and enforceable agreement between employer and employé. The health and a continued state of efficiency of the employé to continuously work for a fixed period, involved in the temporary absence from work, may be valuable enough to the employer to furnish a sufficient consideration for making such agreement, and it is not perceived that a different rule would be applicable to a railway company. Article 1164, R. S., does not at all, it is thought, in letter or spirit, prohibit railway companies from fairly authorizing reasonable leave of absence without deduction of pay to either its corporate officers or employés. And such character of agreement is not in contravention of that article, as insisted by appellant, as diversion of means or funds of the company. And it is further concluded that the authorization of pay to an officer or employé on reasonable temporary leave of absence, occasioned by illness or need of recuperation from the effect of continuous work, is not such diversion or misuse of the means of the company as to make void such character of agreement or authorization, because a railway company, upon the ground of public policy. In the case of Brown v. Wharf Co., 92 Tex. 520, 50 S. W. 126, the president of the wharf company was granted a leave of absence, and his right to the salary of the office during absence was allowed upon the ground that the by-laws made no provision for deductions for absence or failure to perform the duties, and the salary was an incident to the office he was holding. And in legal principle an employé is not more bound to devote his whole time to the stipulated work than a salaried corporate officer.

The assignments are overruled, and the judgment is affirmed.